UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Jason Lavet Bethune,                                    Case No. 21-cv-2035 (WMW/DTS)

                            Plaintiff,
                                                                    **ORDER**

        v.

Woodbury Police Department, Regions
Hospital, 911 Washington County Sheriff,
and Post Board,

                            Defendants.

---

        Before the Court are Plaintiff Jason Lavet Bethune's complaint and application to

proceed *in forma pauperis* (IFP).[1]  (Dkts. 1, 2).

        A district court may dismiss any action or part of an action filed by a litigant seeking

IFP status that is frivolous or malicious.  28 U.S.C. § 1915(e)(2)(B); *see also Mallard v.*

*U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 307–08 (1989) (observing that United

States District Courts have inherent authority to dismiss frivolous or malicious actions even

absent statutory authorization).  And a district court must dismiss an action if it lacks

subject-matter jurisdiction to adjudicate the claims raised in that action.  Fed. R. Civ. P.

---

[1]        Shortly after filing his complaint, Bethune filed two additional documents with the
Court.  These documents were docketed as "notices," but appear to raise new claims for
relief.  In an order dated September 30, 2021, United States Magistrate Judge David
T. Schultz concluded that, to the extent that Bethune intended to add claims to his
complaint, he must file an amended complaint that includes every claim for relief that
Bethune intends to raise and every factual allegation upon which those claims are
predicated.  Because Bethune failed to file an amended complaint, Bethune's initial
complaint remains the operative pleading.

12(h)(3).  For the reasons addressed below, the Court finds that it lacks subject-matter jurisdiction over much of Bethune's complaint and that, to the extent that the Court has jurisdiction over any of Bethune's claims, those claims are frivolous as pleaded.

Bethune alleges that he contacted the Federal Bureau of Investigation (FBI) to report wrongdoing by the police departments of West Saint Paul and Inver Grove Heights, Minnesota.  The FBI informed Bethune that he should contact local law enforcement instead.  After Bethune called 911 and made his report, he alleges that he was "[a]ssaulted" and "[k]idnapped" by officers of the Woodbury Police Department and brought to Regions Hospital, where he was "strapp[ed] . . . to a device where he could not move or breath[e] properly and repeatedly [stuck] with Syringes."[2]  When Bethune was released from the hospital, he allegedly was not offered transportation despite freezing temperatures.

Based on these allegations, Bethune seeks $333 million in damages from each of the defendants.  Bethune seeks relief on a variety of legal theories, including "Assault of a disabled person," "Kidnapping," and "Criminal Conspiracy."  Bethune does not expressly invoke any federal statute in the complaint, but he alleges that the events at issue amounted to excessive force and a violation of his right to due process.  Liberally construed, the complaint appears to be attempting to present claims pursuant to 42 U.S.C. § 1983, which

---

[2]      Bethune alleges he was told by a law-enforcement officer that he had requested a "[r]ule 25 evaluation," which is a type of chemical-health assessment.  *See Thompson v. County of Hennepin*, 660 N.W.2d 157, 159 (Minn. Ct. App. 2003) (explaining that a "rule 25 assessment" is a chemical-health assessment).  Bethune denies that he requested this evaluation, but he neither confirms nor denies that the events described in the complaint occurred as part of a rule 25 evaluation.

forms the basis for the Court's subject-matter jurisdiction over this matter.  *See* 28 U.S.C.

§ 1331.

A lawsuit is frivolous if it lacks an arguable basis in either law or fact.  *Neitzke v.*

*Williams*, 490 U.S. 319, 325 (1989).  Police departments are not legal entities amenable to

suit.  *See De La Garza v. Kandiyohi Cnty. Jail*, 18 F. App'x 436, 437 (8th Cir. 2001) (per

curiam).  A litigant may sue the specific officer or officers alleged to have committed

wrongdoing, but police departments generally may not be named as defendants.  *See id.*

This forecloses Bethune's claims against Defendant Woodbury Police Department.[3]  The

same is true of Bethune's claims against "911 Washington County Sheriff" if this defendant

is construed to be the Washington County Sheriff's Office.[4]  There is no arguable basis in

law upon which Bethune can seek relief under Section 1983 against these entities, and any

claims raised against these defendants under that statue is, therefore, frivolous.  *See Neitzke*,

490 U.S. at 325.

Regions Hospital, by contrast, is a legal entity amenable to suit.  But "[o]nly state

actors can be held liable under Section 1983."  *Carlson v. Roetzel & Andress*, 552 F.3d 648,

650 (8th Cir. 2008) (internal quotation marks omitted).  "[T]he under-color-of-state-law

---

[3]    Even if Bethune's complaint were construed as asserting claims against the City of
Woodbury, relief under Section 1983 is available against municipalities only when the
entity is responsible for the alleged wrongdoing, such as through maintenance of an
unlawful custom or policy.  *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690–
91 (1978).  Bethune has alleged no such facts.

[4]    To the extent that Bethune intended to assert claims against the Washington County
Sheriff directly, he has alleged no facts pertaining to the Washington County Sheriff's
involvement in or connection to the conduct alleged in the complaint.

element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Ams. United for Separation of Church & State v. Prison Fellowship Ministries, Inc.*, 509 F.3d 406, 421 (8th Cir. 2007) (internal quotation marks omitted). Because Regions Hospital is not a state actor, it cannot be liable under Section 1983 for the conduct alleged in the complaint.

Bethune also seeks relief from Defendant "Post Board." But apart from the vague allegation that the Post Board has "[fail]ed to take any action," Bethune has alleged no facts regarding the Post Board's involvement in the conduct at issue in this litigation. Thus, even assuming that the Post Board is an entity amenable to suit under Section 1983, Bethune has not offered an arguable basis in fact upon which to find that entity to be liable, and any claim under Section 1983 against the Post Board is, therefore, frivolous as pleaded. *See Neitzke*, 490 U.S. at 325.

Bethune's claims under Section 1983 are, therefore, frivolous in their entirety. Because it is not apparent that further amendment of the pleading would be futile, these claims are dismissed without prejudice.

No other claim for relief under federal law is apparent on the face of the complaint. Bethune does not allege that the parties to this action are of diverse citizenship, and by all indications, each of the defendants appears to be a citizen of Minnesota. Accordingly, to the extent that the Court has subject-matter jurisdiction over any remaining state-law claims asserted in the complaint, it is only through the exercise of supplemental jurisdiction. *See* 28 U.S.C. § 1367. Courts typically should not exercise supplemental jurisdiction over state-law claims when all claims arising under federal law have been dismissed prior to

trial.  *See Hervey v. County of Koochiching*, 527 F.3d 711, 726–27 (8th Cir. 2008).  The Court, therefore, declines to exercise supplemental jurisdiction over any state-law claims raised by Bethune and dismisses those claims without prejudice.

### ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiff Jason Lavet Bethune's complaint, (Dkt. 1), is **DISMISSED WITHOUT PREJUDICE**.

2. Plaintiff Jason Lavet Bethune's application to proceed *in forma pauperis*, (Dkt. 2), is **DENIED AS MOOT**.

LET JUDGMENT BE ENTERED ACCORDINGLY

Dated:  March 4, 2022                                  s/Wilhelmina M. Wright
                                                                  Wilhelmina M. Wright
                                                                  United States District Judge